806

LUCKENBACH S. S. CO. et al. v. MAR-
SHALL, Deputy Compensation
Commissioner, et al.

No. 9319.

Circuit Court of Appeals, Ninth Circuit.
April 3, 1940.

Sheppard & Phillips and E. L. Kincaid, all of Portland, Or., for appellant.

Ira W. Carl, of Portland, Or., for appellee Sprizer.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order dismissing the complaint of the Luckenbach Steamship Company and its insurance carrier

(appellants) in a suit to enjoin the enforcement of an order of a deputy commissioner made in a compensation proceeding. Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

In 1936 appellee Sprizer was injured while working as a longshoreman on one of the Luckenbach ships. An award of compensation for total disability followed. In December, 1938, during the term of the award, appellants requested Sprizer to enter a hospital for observation and examination for the purpose of determining what additional or different treatment was indicated for the relief or cure of his disability. Sprizer refused to comply, giving as a reason the distrust he felt of one of the two physicians under whose direction he was advised the examination would be made. Incidentally, neither physician appears to have been a medical officer of the United States or a physician designated or approved by the commission. The matter was brought to the attention of the deputy commissioner, and after a hearing the latter found that Sprizer's refusal to submit to examination was unreasonable. Because of such refusal, and in supposed conformity with § 7(a) of the act,[1] the deputy commissioner granted appellants' application to suspend payment of compensation during the period of the refusal.

About thirty days later the deputy commissioner without notice vacated the order on the ground that the situation was not governed by the provisions of § 7(a), but rather by those of § 19(h)[2] of the act; that is to say, the demand was that the employee submit to examination, not that he submit to medical or surgical treatment; hence there had been no such refusal as contemplated by the pertinent statute, and the suspension was unauthorized. This order, entered as a substitute for the previous one, was in form a denial of the application of the employer for suspension of payments. In effect, however, it merely denied the employer's demand for an examination of the employee by named physicians. Appellants thereupon filed in the district court a suit under § 21(b) of the act, 33 U.S.C.A. § 921(b), to restrain enforcement.

■ The order complained of is clearly one relating to submission to examination and is governed by the provisions of § 19(h). Is such an order independently reviewable?

It is provided by § 19(e), 33 U.S.C.A. § 919(e), that: "The order rejecting the claim or making the award (referred to in this chapter as a compensation order) shall be filed in the office of the deputy commissioner, and a copy thereof shall be sent by registered mail to the claimant and to the employer at the last known address of each." Subdivision (a) of § 21, 33 U.S.C.A. § 921(a), provides that "a compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 19 [919]." The material part of subdivision (b) of the latter section is as follows: "If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise."

■ An order of the deputy commissioner requiring or refusing to require an injured employee to submit to examination is not one "rejecting the claim or making the award." True, the refusal of the employee to submit to examination, if required by the deputy commissioner, results

---

[1] "The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus for such period as the nature of the injury or the process of recovery may require. * * * If at any time during such period the employee unreasonably refuses to submit to medical or surgical treatment, the deputy commissioner may, by order, suspend the payment of further compensation during such time as such refusal continues, and no compensation shall be paid at any time during the period of such suspension, unless the circumstances justified the refusal." 33 U.S.C.A. § 907 (a).

[2] "An injured employee claiming or entitled to compensation shall submit to such physical examination by a medical officer of the United States or by a duly qualified physician designated or approved by the commission as the deputy commissioner may require. The place or places shall be reasonably convenient for the employee. Such physician or physicians as the employee, employer, or carrier may select and pay for may participate in an examination if the employee, employer, or carrier so requests. Proceedings shall be suspended and no compensation be payable for any period during which the employee may refuse to submit to examination." 33 U.S.C.A. § 919 (h).

in an automatic suspension of compensation. The penalty, however, is not imposed at the discretion of the deputy commissioner or even by his order, but by the statute itself. Its purpose is to enforce compliance with an order requiring submission to examination. The latter order, in whatever form it may be cast, is in effect directed toward the conduct of the employee, not toward his compensation.

 Orders made under the provisions of § 19(h), relating to examinations, are purely administrative in character. They are not subject to judicial review except perhaps in connection with a proceeding to review a compensation order. An intolerable situation would ensue if complaints for the review of such orders were to be entertained by the courts.

The judgment of dismissal is affirmed.